UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-025-03 |
| | ) | Judge Phillips |
| SHERA BERTRAM | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's *pro se* motion for early termination of supervised release [Doc. 108]. In support of her motion, defendant states that she has completed two years of her three-year term of supervised release. She has passed all of her drug screens, paid her financial obligations, complied with the requests of her probation officers, and has had no incidents while on supervision. The defendant has maintained employment since her release from incarceration. The defendant has also married and had a child. She states that she is now a different person with a different outlook on life. Defendant wants to put "that part of my life behind me and … move on."

The Probation Office agrees that defendant has completed two years of her three-year term of supervised release and she has complied with terms of her supervision. The defendant has maintained stable employment during her supervision, she has passed all drug screens, and appears to be doing very well in the community. The defendant is now married with a new baby and is active in her church. Further, the supervising probation officer does not oppose the defendant's request for early termination of supervised release.

Similarly, the government has advised the Court that it does not oppose the defendant's motion for early release.

Defendant pleaded guilty to and was sentenced to one count of conspiracy to distribute five grams or more of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On December 5, 2012, defendant was sentenced to a term of imprisonment of 36 months and a three-year term of supervised release [Doc. 81].

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of defendant's probation. In support of this determination, the Court notes that defendant has completed over half of her three-year term of supervised release; she has been in compliance with the conditions of her supervised release; she maintains steady employment and an independent, stable residence. In addition, her supervising probation officer recommends early termination and the government does not oppose the request. It appears to the Court that defendant has rehabilitated herself and she poses no threat to any individual or the community to reoffend. Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), based on the defendant's conduct and the interests of justice, defendant's motion for early termination of supervised release [Doc. 108] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

**IT IS SO ORDERED.**

               <u> s/ Thomas W. Phillips     </u>
               SENIOR UNITED STATES DISTRICT JUDGE